UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HECTOR COLON, 03-B-1108,

        Petitioner,

        -v-                                        06-CV-0139(MAT)
                                                                  **ORDER**
JAMES T. CONWAY, Superintendent,

        Respondent.

---

## I. Introduction

Petitioner Hector Colon ("petitioner") filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Erie County Supreme Court of Attempted Murder in Second Degree (N.Y. Penal L. §§ 110.00, 125.25[1]), Criminal Possession of a Weapon in the Second Degree (former Penal L. § 265.03[2]), and Reckless Endangerment in the First Degree (Penal L. § 120.25). Following a jury trial before Justice Joseph Forma, petitioner was found guilty and was subsequently sentenced to concurrent prison terms of fifteen years each for the attempted murder and weapon possession convictions, and two and one-third to seven years on the reckless endangerment conviction.

## II. Factual Background and Procedural History

On May 30, 2002, Melkertricx Jackson ("the victim") was driving with his infant daughter in the west side of Buffalo when

1

petitioner shot at the victim through the rear windshield of the car. T. 94, 96, 98, 154-55, 159.[1] The victim testified that he knew petitioner. T. 106. When the police attempted to arrest petitioner at his home, they observed him run into a house on Normal Avenue. T. 198. He later told police that he knew he was wanted for something "real bad." T. 208. Petitioner did not testify at trial, or present any witnesses.

Following his conviction, petitioner appealed, through counsel, to the Appellate Division, Fourth Department, which unanimously affirmed his conviction. People v. Colon, 13 A.D.3d 1198 (4th Dept. 2004). In a memorandum decision, the Fourth Department rejected the following claims on procedural grounds and on the merits: (1) that the conviction was against the weight of the evidence; (2) the trial court erred in delivering its pre-trial instructions to jurors; (3) the trial court should have granted a mistrial based on testimony regarding a pre-trial photographic array; (4) the trial court erred in admitting a photograph of the victim's daughter; (5) the trial court erred in admitting evidence of prior bad acts; and (6) the sentence was harsh and excessive. See Petitioner's ("Pet'r") Appellate Br. Leave to appeal was denied by the New York Court of Appeals. Colon, 4 N.Y.3d 829 (2005).

---

[1] Citations to "T.___" refer to pages of the trial transcript.

Petitioner then sought habeas relief in this Court pursuant to 28 U.S.C. § 2254. In the instant petition, he raises the same six grounds as he did on appeal.[2] See Petition ("Pet.") ¶ 22(A)-(F). (Dkt. #1). For the reasons that follow, the Court finds that petitioner is not entitled to habeas relief, and the action is dismissed.

**III. Discussion**

    **A.   General Principles Applicable to Federal Habeas Review**

        **1.   Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a state court conviction either (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or (2) if it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

        **2.   Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted

---

[2] In Ground Six, petitioner has re-labeled his state challenge to the harshness of the sentence as a challenge to the constitutionality of his sentence under the Eight Amendment. Pet. ¶ 22(F).

the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

### 3. The Adequate and Independent State Grounds Doctrine

A petitioner's failure to comply with state procedural or substantive rules may be a basis for precluding habeas review under the "adequate and independent" grounds doctrine. See Coleman v. Thompson, 501 U.S. 722, 726 (1991); Harris v. Reed, 489 U.S. 255, 261-63 (1989); accord Gonzalez v. Sullivan, 934 F.2d 419, 421 (2d Cir. 1991). A state court judgment will not be found to be based on an adequate and independent state ground unless the state court "clearly and expressly" states that the "judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." Harris, 489 U.S. at 260 (citations omitted); accord Epps v. Commissioner of Corr. Servs., 13 F.3d 615, 617 (2d Cir. 1994).

Claims that are procedurally defaulted may be reviewed by a habeas court on the merits only if the petitioner can demonstrate "cause" and actual "prejudice." Murray v. Carrier, 477 U.S. 478,

4

485-86 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); accord Bossett, 41 F.3d at 829. In order to demonstrate "cause," the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Counsel's failure to recognize the factual or legal basis for a claim, or failure to raise a claim, does not in itself constitute "cause" for a procedural default. Id. at 486-87.

In establishing prejudice, petitioner must demonstrate "pervasive actual prejudice," that is, not merely a showing of trial errors creating a "possibility of prejudice, but that they worked to his *actual and substantial* disadvantage, infecting his entire trial with error of constitutional dimensions." Murray, 477 U.S. at 494 (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). If a habeas petitioner cannot establish cause and prejudice, his other option is to attempt to demonstrate a "fundamental miscarriage of justice," see Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993), which is generally shown only by proving that he is "actually innocent." Murray, 477 U.S. at 496.

**B.   The Habeas Petition**

    **1.   Petitioner's Claim that the Trial Court Delivered an Improper Jury Instruction is Procedurally Barred**

Petitioner claims that the trial court erred when it suggested, during *voir dire*, that the jurors did not have the right to act as individuals and to adhere to their own conscientious

5

beliefs. See Pet. ¶ 22(B), Pet'r Mem. of Law at 24-27 (Dkt. #8). When questioning the prospective jurors as a group, the trial judge told them that the verdict must be unanimous, requiring them to "keep an open mind and work together to reach a verdict." T. 186. Defense counsel did not object to the instruction.

The Appellate Division rejected this claim on the ground that the issue was unpreserved for appellate review and that, in any event, the claim was without merit. Colon, 14 A.D.3d at 1198. In its decision, the Fourth Department relied New York's "contemporaneous objection rule", codified at New York Crim. Proc. Law ("C.P.L.") § 470.05(2), which requires that an objection to an error be made "at the time of such ruling or instruction or at any subsequent time when the court ha[s] an opportunity of effectively changing the same." § 470.05(2).

It is well-settled that "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground [for dismissing a claim], even where the state court has also ruled in the alternative on the merits of the federal claim." See Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir.1990). The Second Circuit has recognized New York State's contemporaneous objection rule as an adequate and independent state procedural rule which may preclude federal habeas review. See Garcia v. Lewis, 188 F.3d 71 (2d Cir. 1999). Because the court's decision that the jury instruction claim was

unpreserved rested on a state procedural rule, petitioner's claim is procedurally barred from being raised before this Court for habeas review.

This Court may reach the merits of petitioner's claim, despite the procedural default, if he can demonstrate cause for the default and prejudice, or that failure to consider the claim will result in a miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). A fundamental miscarriage of justice means a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Petitioner has not attempted to make the factual showing of "actual innocence" required to qualify for the "fundamental miscarriage of justice" exception. Nor has he alleged cause for the default or resultant prejudice. Accordingly, this claim is dismissed.

### 2. Petitioner's Remaining Claims Do Not Present Cognizable Habeas Issues

Under 28 U.S.C. § 2254(a), federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Errors of state law are not subject to habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The following claims do not present issues of a constitutional dimension.

### a. Weight of the Evidence

On direct appeal, petitioner challenged the verdict as being against the weight of the evidence. Unlike challenges to the sufficiency of the evidence, weight of the evidence claims are not cognizable on habeas review. <u>Maldonado v. Scully</u>, 86 F.3d 32, 35 (2d Cir. 1996). A claim that a verdict was against the weight of the evidence derives from C.P.L. § 470.15(5), which permits an appellate court in New York to reserve or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." C.P.L. § 470.15(5). Thus, the "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. <u>People v. Bleakley</u>, 69 N.Y.2d 490, 495 (1987). Since a weight of the evidence claim is purely a matter of state law, it is not cognizable on habeas review. <u>See</u> U.S.C. § 2254(a); <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Petitioner's weight of the evidence claim is therefore dismissed.

### b. Evidentiary Rulings

In grounds three, four, and five of his petition, petitioner complains that the trial court made various errors stemming from New York State evidentiary law. Specifically, that (1) the trial

court erred in denying petitioner's mistrial motion based on allegedly improper testimony by a police officer; (2) the trial court erred in admitting a photograph of the victim's daughter at trial; and (3) the trial court allowed the prosecution to introduce evidence of prior bad acts without a pre-trial hearing. See Pet. ¶ 22(C)-(E).

"[E]rroneous evidentiary rulings do not automatically rise to the level of constitutional error sufficient to warrant issuance of a writ of habeas corpus. Rather, the writ would issue *only* where [the] petitioner can show that the error deprived [him] of a fundamentally fair trial." Rosario v. Kuhlman, 839 F.2d 918, 925 (2d Cir. 1988) (quoting Taylor v. Curry, 708 F.2d 886, 891 (2d Cir.), cert. denied, 464 U.S. 1000 (1983)) (emphasis in original); see also Zarvela v. Artuz, 364 F.3d 415, 418 (2d Cir.) (*per curiam*), cert. denied, 543 U.S. 879 (2004). Stated another way, a petitioner seeking to prove that a constitutional violation occurred through the state trial court's erroneous admission of evidence must establish that "the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." Collins v. Scully, 755 F.2d 16, 19 (2d Cir. 1985). The erroneously admitted or withheld evidence "must have been 'crucial,

critical, highly significant.'" Id. (quoting Nettles v. Wainwright, 677 F.2d 410, 414-15 (5th Cir. 1982)).

In making the due process determination, the Court should engage in a two-part analysis, examining (1) whether the trial court's evidentiary ruling was erroneous under New York law, and (2) whether the error amounted to the denial of the constitutional right to a fundamentally fair trial. Wade v. Mantello, 333 F.3d 51, 59 n.7 (2d Cir. 2003); Davis v. Strack, 270 F.3d 111, 123-24 (2d Cir. 2001). As explained below, the Court does not find that any of the rulings, independently or collectively, warrant habeas review.

### Improper Photo Identification Testimony

In his renewed mistrial motion, defense counsel addressed what he believed was a reference to a photographic identification procedure, contrary to New York common law.[3] T. 232. Buffalo Police Officer Timothy McDonald investigated petitioner's case. During his testimony at trial, the officer began to say that he had obtained a photograph of a suspect, and "showed the witness- - " when the prosecutor cut him off to prevent any improper reference to the photo identification procedure. T. 194-195. Defense counsel did not lodge an objection at that time, and the trial court later denied petitioner's motion for a mistrial. T. 234. The Appellate Division determined that petitioner's contention regarding the officer's testimony was without merit. Colon, 13 A.D.3d at 1199.

---

[3] See People v. Caserta, 19 N.Y.2d 18, 21 (1966) (evidence of pre-trial photo array identification is not admissible at trial).

The Court agrees. The record reflects that the jury did not learn what the officer showed to the witness, and the officer was not permitted to continue testifying on that matter. Thus, no testimony of a photo identification procedure was ever admitted. Even if the jury did infer a reference to the photo array, New York state courts generally treat such error as harmless. See People v. Johnson, 57 N.Y.2d 969 (1982). In sum, petitioner has not shown that the alleged error violated federally protected constitutional rights. As such, this claim cannot be a basis for habeas relief.

### Admission of Photographic Evidence

Petitioner next challenges the admissibility of a photograph of the victim's daughter sitting in the car seat that had been struck by the bullet that entered the victim's car. T. 89, 98. In New York, photographc evidence should be excluded if its sole purpose is to prejudice the defendant. People v. Stevens, 76 N.Y.2d 833, 835 (1990). When a photograph is otherwise relevant, the trial court has broad discretion in determining its admissibility. Here, it is clear that the photograph was relevant and admissible to prove grave risk of death to the child, a requisite element of the charge of first degree reckless endangerment. See generally People v. Wood, 79 N.Y.2d 958, 960 (1992); see also People v. Hernandez, 46 A.D.3d 1388, 1389 (4th Dept. 2007). As a result, the Appellate Division found no abuse of discretion by the trial court because the photograph was

11

admissible. Petitioner has thus failed to established a violation of state evidentiary law, and therefore has not demonstrated that a constitutional right was implicated by the alleged violation.

**Admission of Prior Bad Acts**

Petitioner next argues that his motion for a mistrial should have been granted because testimony of petitioner's prior bad acts was introduced without the benefit of a pre-trial <u>Ventimiglia</u> hearing.[4] During the trial, the victim testified that approximately seven years before the shooting, petitioner and the victim dated the same woman. As a result, he and petitioner had an altercation in which petitioner chased the victim with a kitchen knife. T. 75.

The Court notes that, as a matter of state law, the prosecutor should have obtained an advance ruling on the admissibility of that evidence. <u>Ventimiglia</u>, 52 N.Y.2d at 362. Defense counsel objected to the testimony about the knife, characterizing it as a prior bad act that was inappropriate for the jury to hear. T. 75. The trial court sustained the objection to the knife testimony[5], and offered the following curative instruction, which had been crafted by defense counsel:

---

[4] <u>People v. Ventimiglia</u>, 52 N.Y.2d 350, 356 (1981) ("[A] prosecutor who intends to adduce [potentially prejudicial testimony] before the jury should first obtain a ruling from the Trial Judge by offering the testimony out of the presence of the jury, and the Trial Judge should exclude any part of it that is not directly probative of the crimes charged.")

[5] The court did not state whether it sustained the objection because the evidence was inadmissible, or because the prosecutor failed to obtain an advance ruling.

12

> You did hear that the People's witness, Jackson, say that at least seven years ago the Defendant chased him with a knife but that action resulted in no criminal charges, and so under no circumstances should you consider that action as evidence of motive to commit any of the offenses charged here in this case, or as any evidence of a propensity, or a desire, or a tendency to commit crime generally. It would be inappropriate to consider that seven year old incident for any such purpose. This Defendant is on trial for only the charges listed in this indictment.

T. 273. The Fourth Department held that the trial court exercised proper discretion by giving an appropriate curative instruction, and the instruction alleviated any prejudice to petitioner. Colon, 13 A.D.3d at 1198-99. Presuming that the jury followed the court's instructions, see Herring v. Meachum, 11 F.3d 374, 378 (2d Cir. 1993) (citing Greer v. Miller, 483 U.S. 756, 766 n. 8 (1987)), this Court agrees that the curative instruction diminished any potential prejudice. See Roldan v. Artuz, 78 F.Supp.2d 260, 280-82 (S.D.N.Y. 2000).

Moreover, in light of the entire record before the jury, it cannot be said that the testimony concerning the alleged prior altercation was "crucial, critical, highly significant." Collins, 755 F.2d at 19. The jury heard the victim identify petitioner as the shooter. He knew the petitioner since grammar school, and saw him twice on the day of the shooting. T. 84-96, 109, 159. The jury also heard testimony from the arresting officers that petitioner made statements acknowledging that the police were looking for him

because he was wanted for something "that was real bad", and that he intended to turn himself in. T. 202-03, 208.

Given the substantial evidence implicating petitioner as the shooter, the Court cannot conclude that the admission of the challenged evidence, even if violative of state law, deprived petitioner of a fair trial. The claim thus does not rise to the level of a constitutional violation. See Estelle, 502 U.S. at 67-68. Accordingly, this claim is dismissed.

### c. Eighth Amendment Violation

Petitioner's final claim asserts that the length of his prison sentence constitutes cruel and unusual punishment under the Eighth Amendment. See U.S. Const. Amend. VIII; Pet'r Mem. of Law at 47. (Dkt. #8). Specifically, he argues that his sentence should be reduced because he was "a hard working family man" and "law-abiding citizen for almost thirty-years, with only one misdemeanor offense." Id.

Petitioner was convicted by a jury of one count each of Attempted Murder in Second Degree, Criminal Possession of a Weapon in the Second Degree, and Reckless Endangerment in the First Degree. The trial court set all of these sentences to run concurrently, committing petitioner to an aggregate prison term of fifteen years. S. 21.[6]

---

[6] Citations to "S.__" refer to pages of the Sentencing Transcript.

To the extent that petitioner is challenging his sentence as harsh and excessive, as he did on direct appeal, such a claim does not present a cognizable federal question where the sentence imposed is within statutory limits. White v. Keane, 969 F.2d 1381, 1383 (2d Cir.1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.") (citing Underwood v. Kelly, 692 F.Supp. 146, 152 (E.D.N.Y. 1988), aff'd mem., 875 F.2d 857 (2d Cir. 1989)). Petitioner received a sentence of imprisonment that was well within the range prescribed by state law. See N.Y. Penal L. §§ 70.00, 70.02. Consequently, petitioner's challenge to the term of his sentence does not present a cognizable federal question.

Furthermore, The Eighth Amendment only forbids the imposition of extreme sentences which are "grossly disproportionate" to the crime of conviction. Lockyer v. Andrade, 538 U.S. 63, 72-73 (2003).[7] Under Lockyer, the "gross disproportionality" principle finds sentences disproportionate to their crimes "only in the exceedingly rare and extreme case" and is reserved "for only the extraordinary case." Id. at 73-77. A review of the record does not present an extraordinary case in which the Supreme Court contemplated intervention by a reviewing court into a state's

---

[7] In Lockyer, the Supreme Court held that petitioner's two consecutive terms of 25 years to life in prison for "third strike" convictions of two counts of petty theft was not contrary to and did not involve unreasonable application of clearly established gross disproportionality principle set forth by the Supreme Court. 538 U.S. at 73-74.

sentencing decisions. Accordingly, petitioner's claim that his sentence violated the Eighth Amendment is dismissed.

## IV. Conclusion

For the reasons stated above, Hector Colon's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   January 7, 2010
         Rochester, New York